PEAK v. KINGS COUNTY ELECTRIC RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. APPEAL—DISPOSITION OF CAUSE—JUDGMENT ERRONEOUS IN PART.

Where the property alleged to have been injured by the construction of a railroad tunnel consisted of two lots, one of them undoubtedly injured to some extent, but the other suffering only nominal damage, and the damages awarded were in a lump sum, and the decision of the trial judge did not show how much he assessed as the damage to each lot, reversal of the entire judgment was necessary.

Appeal from Special Term, Kings County.

Action by William N. Peak against the Kings County Electric Railway Company and others. From a judgment in favor of plaintiff, enjoining defendants from maintaining and using a railroad tunnel in the vicinity of plaintiff's property unless they pay to him the sum of $4,500 for damages to the fee of said property, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Henry Yonge, for appellants.
William E. C. Mayer (Paul Grout, on the brief), for respondent.

WILLARD BARTLETT, J. We are of opinion that upon the evidence in this case the award of $4,500 is manifestly excessive. The property alleged to have been injured is on Church Lane, near Ocean Parkway, in the borough of Brooklyn. The plot numbered 1 on the map contained in the appeal book is undoubtedly injured to some extent by the construction of the tunnel maintained by the defendants; that tunnel being directly opposite this portion of the plaintiff's land. No part of the plot numbered 2, however, is opposite the tunnel, that plot being separated from the tunnel by an intervening street; and we think it apparent that the damage to this second piece of property, occasioned by the presence of the tunnel, is nominal, at most. The damages are awarded in a lump sum. The decision does not show how much the learned trial judge assessed as the amount of damage done to each of the two lots; hence it is impossible to modify the judg-

ment by deducting the amount awarded for damage to lot No. 2. Under these circumstances, it is necessary to reverse the entire judgment and order a new trial.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur.